## CIRCUIT COURT OF THE CITY OF RICHMOND

Neat Sweep International, Ltd.

v.

National Chimney Sweep Guild, Inc.

January 22, 1996

Case No. HG-333-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court for disposition of Defendant's Summary Judgment Motion. After argument the issues were taken under advisement.

The facts are summarized as follows. Frank Kaestner, president of Neat Sweep International, Ltd., and a co-worker travelled to Reno, Nevada, in March, 1994, to attend a trade show. In the past, National Chimney Sweeps Guild (hereinafter, the "Guild") has sponsored trade shows which are open to the public. The Guild refused to allow Kaestner into the trade show because of an outstanding judgment it had obtained against Kaestner and his previous company in federal court. However, the co-worker was allowed entry into the show under the name of another company. While at the show, the co-worker spoke with vendors, received brochures, and attended a certification seminar.

In March 1995 Neat Sweep brought suit against the Guild alleging conspiracy to permanently injure plaintiff in his trade, business, or profession under § 18.2-499 *et seq.* Plaintiff also alleges per se violations of the Virginia Antitrust Act, § 59.1-9.5 by the Guild through boycott activities and a concerted refusal to deal with the plaintiff. Neat Sweep seeks injunctive relief, damages in the amount of $2,000 and costs and fees associated with this action.

The Guild asserts that there are no genuine issues as to any material facts. Specifically, the Guild claims that: (1) it had a legitimate business reason to deny Kaestner entrance to the show, (2) defendant cannot con-

spire with itself, (3) no conspiracy has been or can be proven, and (4) no injury has been or can be proven.

A court must make all reasonable inferences in favor of the non-moving party when considering a motion for summary judgment. Hence, there is a question of law as to whether or not there can be a conspiracy. The Virginia Antitrust Act requires that it be applied in harmony with the federal antitrust law. Code of Virginia § 59.1-9.17.

For plaintiff to prevail on either the antitrust or conspiracy claim, it must establish the existence of a conspiracy. A combination of two or more persons constitutes a conspiracy sufficient for Count I (conspiracy to injure the trade, business or profession). Likewise, the antitrust claims require that two or more persons act in concert. In its summary judgment motion, the Guild first claims that there was no conspiracy because it is incapable of conspiring with itself. The court agrees.

According to the allegations in the Bill of Compliant and Neat Sweep's responses to interrogatories, there is a conspiracy between and among members of the Guild, its executive director and "his employees." Under law there can be no conspiracy when the only conspirators are said to be employees or agents of the same corporation. *Fox v. Deese*, 234 Va. 412, 428 (1987). This rule extends to the Guild's board members as well. A claimed conspiracy under these circumstances is a legal impossibility. For these reasons there can be no conspiracy under law to support Neat Sweep's antitrust claim or under Va. Code §§ 18.2-499 and 18.2-500.

For the foregoing reasons the Guild's motion for summary judgment is granted.